[No. 114-40967-2.    Division Two.    August 10, 1970.]

BENNIE B. REIS, *Respondent*, v. NORMAN BECKER *et al., Appellants.*

*Martin, Shorts & Bever* and *Edward C. Burch,* for appellants.

*McCormick, Hoffman, Rees & Arnold* and *Paul Hoffman, Jr.,* for respondent.

PETRIE, J.—Bennie B. Reis picks up and delivers cleaning. On May 24, 1967, Mr. Reis was returning cleaning to the Becker residence. He parked his truck in their driveway and began walking towards the front door when the unexpected occurred—the Beckers' dog, a Wiemeraner, bit Mr. Reis in the right leg. Reis instituted the present action seeking recovery for the injuries he allegedly sustained. From a jury verdict in favor of plaintiff, the defendants, Mr. and Mrs. Becker, appeal.

The single issue presented on this appeal is simply this: Was the trial court correct in concluding and instructing the jury that the state "dog bite" statute declared the applicable law? The pertinent statutory provisions read:

> The owner of any dog which shall bite any person while such person is in or on a public place or lawfully in or on a private place including the property of the owner of such dog, shall be liable for such damages as may be suffered by the person bitten, regardless of the former viciousness of such dog or the owner's knowledge of such viciousness.

RCW 16.08.040.

> A person is lawfully upon the private property of such owner within the meaning of RCW 16.08.040 through 16.08.060 when he is on such property in the performance of any duty imposed upon him by the laws of the state of Washington or of the United States or the ordinances of any municipality in which such property is situated.

RCW 16.08.050.

The trial court concluded, as a matter of law, that Reis was lawfully on Beckers' property within the meaning of the statute. It is this conclusion, embodied in the court's instruction No. 2 that defendants challenge.[1] The determi-

---

[1] "You are instructed that the laws of the State of Washington provide that the owner of any dog which shall bite any person on public or private property, including the property of the owner of the dog, shall be liable for such damages as may be suffered by the person

nation of plaintiff's lawful presence on defendants' property depends on whether or not he was there in the performance of any duty imposed upon him by the laws of the state of Washington. (RCW 16.08.050) The plaintiff contends, and the trial court concluded, that plaintiff had a legal duty to return the defendants' cleaning. Defendants concede that plaintiff had a duty to return the cleaning but contend that such duty was contractually self-imposed and not "imposed by law".

Defendants' assignment of error confronts this court with a most difficult task—evaluation of statutory language in terms of purposeful legislative activity. We begin by making the observation that RCW 16.08.050 qualifies the word lawful and thereby limits the imposition of absolute liability only in those instances wherein a person is bitten while on the premises of the owner of the dog. In effect, the legislature has told a dog owner that if he keeps the dog within the confines of his own property, his liability becomes absolute only when the dog bites a person who is on the dog owner's property in the performance of a duty imposed by the laws of the state of Washington, United States or municipal ordinance. With this in mind, we proceed to examine the law existing prior to the enactment of RCW 16.08.040 and RCW 16.08.050.

A dog owner's liability under the common law was contingent upon some form of fault whether it be based upon negligence or scienter. *Johnston v. Ohls*, 76 Wn.2d 398, 457 P.2d 194 (1969), and cases cited therein. Before a dog owner could be held liable for the injuries inflicted by his dog, it was necessary to prove that the owner was

bitten, regardless of the former viciousness of such dog, or the owner's knowledge of such viciousness.

"You are further instructed the Court has found, as a matter of law that defendants Norman and Gwen Becker owned a Wiemeraner named Debora, and that the plaintiff was lawfully on the private property of the defendants Becker on May 24, 1967. Therefore the two issues for your decision are: (1) Whether or not this Wiemeraner, Debora, bit the plaintiff on said date, and (2) Whether or not the plaintiff was injured as a proximate result of any said bite, and if so the damages you find he is entitled to."

202

negligent in handling or caring for his dog or that the dog had a previous vicious or dangerous propensity and its owner had knowledge of the same. Failure to establish such elements was fatal to a plaintiff's case even though he neither contributed to his injury nor had any effective means or *choice* to avoid contact with the animal and entry onto another's private property. This was the apparent mischief the legislature sought to remedy by declaring that a dog owner is absolutely liable when his dog bites a person who is on the owner's property in the performance of any duty imposed upon him by laws of the state of Washington, or the United States or municipal ordinances. By using the phrase duty *imposed* by the laws of the state of Washington, etc., we believe the legislature intended to refer to the source or origin of the duty; a duty not established by agreement or choice, but thrust upon a person by law.

Here in the instant case plaintiff's duty to return the cleaning did not precede the contract of bailment, rather it arose and was created by the contract. It was contractually self-imposed and not imposed by law. Hence the state "dog bite" statute was not applicable and it was error to instruct the jury to the contrary. Nevertheless, if the evidence warranted it, plaintiff would have been entitled to an instruction elucidating the elements of a dog owner's liability under the common law. Plaintiff, however, candidly admits that the evidence was insufficient to support such an instruction. Defendants' motion for directed verdict should have been granted.

The judgment is reversed and the case remanded with the direction to dismiss plaintiff's complaint.

ARMSTRONG, C. J., and PEARSON, J., concur.

Petition for rehearing denied August 24, 1970.

Review granted by Supreme Court September 22, 1970; review quashed and petition dismissed April 1, 1971.