[No. 44083. En Banc. April 15, 1976.]

JACK R. DOMINICK, *Appellant*, v. WALTER CHRISTENSEN, ET AL, *Respondents*.

*J. K. Hallam,* for appellant.

*Davies, Pearson, Anderson, Seinfeld, Gadbow, Hayes & Johnson,* by *John C. Kouklis,* for respondents.

This opinion was prepared by the late Justice Robert C. Finley. It is adopted by the undersigned Justices as the opinion of this Court.

This is an appeal from an order entered by the Grays Harbor County Superior Court granting defendants' motion for a summary judgment. The order, insofar as relevant, denied the plaintiff father's claim, as guardian ad litem of

Craig Dominick, for damages arising out of an injury to his son caused by defendants' dog.

The facts are uncontroverted. On May 19, 1974, Craig Dominick accompanied his mother and other relatives on a social visit to the defendants' residence which was located outside the city limits of Montesano, Washington. During the visit, Craig asked to go outside to play. He was observed petting defendants' dog in their backyard. Subsequently, he was bitten by the dog.

The sole issue raised on this appeal is what is meant by the word "lawfully" as used in RCW 16.08.040, which reads:

> The owner of any dog which shall bite any person while such person is in or on a public place or *lawfully* in or on a private place including the property of the owner of such dog, shall be liable for such damages as may be suffered by the person bitten, regardless of the former viciousness of such dog or the owner's knowledge of such viciousness.

(Italics ours.) RCW 16.08.050 defines the term "lawfully" to mean:

> A person is *lawfully* upon the private property of such owner within the meaning of RCW 16.08.040 . . . when he is on such property in the performance of any duty imposed upon him by the laws of the state of Washington or of the United States or the ordinances of any municipality in which such property is situated.

(Italics ours.) Plaintiff contends that the term "lawfully," given its ordinary meaning, was intended to include persons required by law to be on private property as well as persons not prohibited from being on private property.

 This contention is best resolved by considering it in light of the rules which guide this court in its interpretation of statutory language. The primary objective of statutory construction is to try to carry out the intent of the legislature. *Anderson v. O'Brien*, 84 Wn.2d 64, 67, 524 P.2d 390 (1974). An expression of one thing in a statute excludes others not expressed. *State v. Sponburgh*, 84 Wn.2d

203, 212, 525 P.2d 238 (1974). Words of a statute, *unless otherwise defined,* must be given their usual and ordinary meaning. *Department of Revenue v. Hoppe,* 82 Wn.2d 549, 552, 512 P.2d 1094 (1973). The court will not read into a statute matters which are not there nor modify a statute by construction. *King County v. Seattle,* 70 Wn.2d 988, 991, 425 P.2d 887 (1967).

▮ In its definition, the legislature did not include the class of persons plaintiff seeks to have included within the term *lawfully,* namely those not prohibited by law from being on private property. We are convinced it was the legislature's intent *to exclude the class of persons* that plaintiff seeks to encompass within the meaning of the term "lawfully." Although the term, given its ordinary interpretation, means "allowed or permitted by law,"[1] the legislature has chosen a definition that controls the result in the instant case. A person is lawfully upon the private property of another when there in the performance of a duty *imposed* by law. Because the plaintiff's son was not upon the defendants' property as a result of a duty imposed by law, but was there as a social guest, he was not "lawfully" on the property. *Accord, Reis v. Becker,* 3 Wn. App. 199, 473 P.2d 856 (1970).

The judgment of the superior court should be affirmed.
It is so ordered.

STAFFORD, C.J., and ROSELLINI, HUNTER, HAMILTON, WRIGHT, UTTER, BRACHTENBACH, and HOROWITZ, JJ., concur.

---

[1] "Lawful," *Webster's Third New International Dictionary* 1279 (1971).