[No. 5481–1.  Division One.  March 13, 1978.]

LUCILLE M. TICESON, *Respondent,* v. THE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, ET AL, *Appellants.*

490

*Slade Gorton, Attorney General,* and *Doncosta E. Seawell, Assistant,* for appellants.

*Deborah Maranville,* for respondent.

JAMES, J.—This is an appeal from a partial summary judgment which reversed an order of the Washington State Personnel Board. The judgment reinstates Lucille M. Ticeson as a civil service employee of the Department of Social and Health Services. We reverse.

Ticeson was a permanent civil service employee with the Department. In March 1975, she was notified that she had been suspended from employment without pay and would be terminated 10 days later. Pursuant to RCW 41.06.170, she filed a notice of appeal and received a hearing before

the Personnel Board. The Board determined that the Department's notice of termination was inadequate and ordered that Ticeson be reinstated with back pay.

When Ticeson returned to work, she was served with a second, procedurally adequate notice of termination based on the same facts as the first notice. Ticeson filed a timely notice of appeal. She received a hearing before the Board 32 days later. The Board's decision, which approved Ticeson's termination on the merits, was issued more than 60 days following the hearing. Ticeson's appeal to the Superior Court followed.

The partial summary judgment does not reach the merits of the charges against Ticeson. It recites that:

[1] the respondents violated the petitioner's statutory rights by failing to comply with the time limits set forth in RCW 41.06.170 and RCW 41.06.190 for hearing and deciding the petitioner's appeal, and [2] that the respondents violated the petitioner's constitutional right to due process by failing to give her a hearing on her termination from employment at a meaningful time.

At all times relevant, RCW 41.06.170 provided:

(2) Any employee who is reduced, dismissed, suspended or demoted, after completing his probationary period of service, as provided by the rules and regulations of the board, shall have the right to appeal to the board not later than thirty days after the effective date of such action. The employee shall be furnished with specified charges in writing when the action is taken. Such appeal shall be in writing and shall be heard by the board within thirty days after its receipt. The board shall furnish the agency concerned with a copy of the appeal in advance of the hearing.

RCW 41.06.190 provided:

Within thirty days after the conclusion of the hearing the board shall make and fully record in its permanent records findings of fact, conclusions of law when the construction of a rule, regulation or statute is in question, reasons for the action taken and its order based thereon, which shall be final subject to action by the court on appeal as hereinafter provided, at the same time sending

a copy of the findings, conclusions and order by regis-
tered mail to the employing agency and to the employee
at his address as given at the hearing or to a representa-
tive designated by him to receive the same.[1]

We do not agree with the trial judge's conclusion
that the failure of the Personnel Board to conduct a hear-
ing within 30 days or to render its decision within 30 days
thereafter violated any right afforded to Ticeson by RCW
41.06.170 and RCW 41.06.190. Under the statutory scheme,
the Personnel Board performs a quasi-judicial function.
The legislative mandate to expedite its judicial functioning
is directed to the Board. Neither by express word nor by
implication does it appear that the legislature intended
that either party to a civil service employment termination
appeal should be penalized if the Personnel Board failed to
function in a timely manner.

The record brought to us does not disclose the trial
judge's reasons for his conclusions. It was suggested in oral
argument, however, that the trial judge likened the 30-day
requirements to the right to a speedy trial afforded a crim-
inal accused by both federal and state constitutions. We do
not consider the analogy to be congruous.

A prompt disposition of a criminal charge is a funda-
mental constitutional right expressly granted to an accused.
The legislative directive to hear a civil service employment
termination appeal "within thirty days after its receipt"
(RCW 41.06.170(2)) is not expressed as a "right" granted to
either party to the dispute. We perceive the 30-day
requirements to reflect legislative concern that the quasi-
judicial function of the Personnel Board be promptly per-
formed. Without comment as to constitutionality, we point
out that by RCW 2.04.090, RCW 2.06.060, and RCW 2.08-

---

[1]RCW 41.06.170 has since been amended to provide that "(2) . . . the board
shall set the case for hearing and the final decision, including an appeal to the
board from the hearing examiner, if any, shall be rendered within ninety days
from the date the appeal was first received: . . ."

.240, the Washington legislature has enjoined prompt judicial functioning by the imposition of financial pressures upon the judges of Washington's courts of record.

In *State Liquor Control Bd. v. State Personnel Bd.*, 88 Wn.2d 368, 561 P.2d 195 (1977), the Liquor Control Board contended that the time limits imposed by RCW 41.06.170 and RCW 41.06.190 were mandatory and that by failing to act within the limited time, the Personnel Board lost jurisdiction. In rejecting the Liquor Board's contention, our Supreme Court pointed out that:

> Each of the procedural time limitations pertinent to this issue is set forth by use of the word "shall." While as a general rule, the use of the word "shall" in a statute is imperative and operates to create a duty, in each case the word is to be treated as mandatory or permissive, depending upon the intent of the legislature as determined by the ordinary rules of construction. *Spokane County ex rel. Sullivan v. Glover*, 2 Wn.2d 162, 97 P.2d 628 (1940).

*State Liquor Control Bd. v. State Personnel Bd.*, supra at 377. Applying the rule that the word "shall" in a statute may be construed as directory rather than mandatory depending upon legislative intent, the court concluded that "[n]othing indicates the legislature intended" that the statutory deadlines were "mandatory." *State Liquor Control Bd. v. State Personnel Bd.*, supra at 378.

> To conclude that these provisions are mandatory would result in the right of employee appeal, which is, of course, the main purpose of the statute, being totally extinguished without any fault on the part of the employee. Nothing indicates the legislature intended such a result.

*State Liquor Control Bd. v. State Personnel Bd.*, supra at 378.

We are similarly satisfied that "[n]othing indicates the legislature intended" that *either* party to a civil service employment termination review should be penalized by the Personnel Board's failure to function in a timely manner.

Neither do we agree with the trial judge's conclusion that Ticeson's "constitutional right to due process" was violated by the Board's failure to give her a hearing at a meaningful time.

■■ Ticeson contends that because she was not afforded a hearing *prior* to her termination, she was denied procedural due process. We do not agree. We recognize that our Supreme Court has recently had the occasion to reiterate its adherence to its holding in *Yantsin v. Aberdeen,* 54 Wn.2d 787, 345 P.2d 178 (1959) that neither Washington's constitution nor its civil service statute establishes any

> property right in public employment which is protected by the due process clause provisions in our state and Federal constitutions. As said in *Ludolph v. Board of Police Comr's.,* (1938), 30 Cal. App. (2d) 211, 216, 86 P. (2d) 118, 121,
> "The right to an office or of employment with the government or any of its agencies is not a vested property right, and removal therefrom will not support the question of due process."

*Association of Capitol Powerhouse Eng'rs v. State,* 89 Wn.2d 177, 186, 570 P.2d 1042 (1977), *quoting Yantsin v. Aberdeen, supra* at 788. However, in *Helland v. King County Civil Serv. Comm'n,* 10 Wn. App. 683, 685 n.1, 519 P.2d 258 (1974), *rev'd on other grounds,* 84 Wn.2d 858, 529 P.2d 1058 (1975), we expressed our opinion that *Yantsin's* flat rejection of any property right protected by constitutional due process was overbroad. For reasons discussed in *Helland* and *Deering v. Seattle,* 10 Wn. App. 832, 520 P.2d 638, *review denied,* 84 Wn.2d 1004, *cert. denied,* 419 U.S. 1050 (1974), we believe that Ticeson's status as a civil service employee was a constitutionally protected property right of which she could not be deprived without procedural due process.

A similar contention was considered by the United States Supreme Court in *Arnett v. Kennedy,* 416 U.S. 134, 40 L. Ed. 2d 15, 94 S. Ct. 1633 (1974). Five separate opinions were filed in *Arnett,* but we believe that the effective ruling

of the decision is fairly summarized in *Eley v. Morris,* 390 F. Supp. 913, 920 (N.D. Ga. 1975):

> The leading case in this area is Arnett v. Kennedy, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974), in which the Supreme Court upheld the discharge of a nonprobationary federal employee pursuant to the provisions of the Lloyd–LaFollette Act, 5 U.S.C. § 7501. In light of the fact that five separate opinions were filed in *Arnett,* the rationale in that case is by no means clear; however, *Arnett* has been generally interpreted to stand for two central propositions. First, the courts reaching the issue after *Arnett* have uniformly held that "a post–termination hearing was sufficient to protect those interests meriting due process protection, whether those interests were in the nature of 'property' or 'liberty.'" Davis v. Vandiver, 494 F.2d 830, 832 (5th Cir. 1974) . . .

In his concurring opinion in *Arnett v. Kennedy, supra* at 170–71, Justice Powell summarized his reasons for concluding that a pretermination hearing is not required:

> Appellee also argues that the absence of a prior evidentiary hearing increases the possibility of wrongful removal and that delay in conducting a post–termination evidentiary hearing further aggravates his loss. The present statute and regulations, however, already respond to these concerns. The affected employee is provided with 30 days' advance written notice of the reasons for his proposed discharge and the materials on which the notice is based. He is accorded the right to respond to the charges both orally and in writing, including the submission of affidavits. Upon request, he is entitled to an opportunity to appear personally before the official having the authority to make or recommend the final decision. Although an evidentiary hearing is not held, the employee may make any representations he believes relevant to his case. After removal, the employee receives a full evidentiary hearing, and is awarded backpay if reinstated. See 5 CFR §§ 771.208 and 772.305; 5 U. S. C. § 5596. These procedures minimize the risk of error in the initial removal decision and provide for compensation for the affected employee should that decision eventually prove wrongful.
>
> On balance, I would conclude that a prior evidentiary hearing is not required and that the present statute and

regulations comport with due process by providing a reasonable accommodation of the competing interests.

(Footnotes omitted.) The procedures for termination established by Washington's civil service law are not significantly different from those considered in *Arnett*. We adopt Justice Powell's reasoning and hold that Washington's termination proceedings did not violate Ticeson's constitutional right to due process.

Reversed and remanded.

ANDERSEN and RINGOLD, JJ., concur.

Reconsideration denied May 11, 1978.

Review denied by Supreme Court October 20, 1978.