[No. 4927–II.   Division Two.   April 22, 1982.]

JOSEPH P. MENTOR, *Appellant,* v. JACK G. NELSON, *Respondent.*

William J. Kamps, for appellant.

Kenneth O. Eikenberry, Attorney General, and Robert P. Manos, Assistant, for respondent.

PETRIE, J.—This appeal challenges the authority of the Director of the Department of Licensing to suspend a driver's license without conducting an administrative hearing when the department receives notice that the driver has committed another moving violation in an adjoining state while an appeal is pending from a previous suspension order issued pursuant to RCW 46.20.291(1)(c).[1] We find no constitutional infirmity in the process challenged by the driver in the case at bench and reinstate the department's order of suspension.

In February 1978 the Department of Licensing notified the plaintiff petitioner, Joseph Mentor, that his driver's license was suspended for 60 days because of his record of continuing moving violations. RCW 46.20.291(1)(c); 46.52-.120. Pursuant to RCW 46.20.328 the department conducted a formal hearing. The results were adverse to Mr. Mentor, and he appealed to superior court. During the pendency of that hearing and the subsequent appeal to superior court, the suspension of his license has been stayed by statute. RCW 46.20.329.[2] While that appeal was pend-

---

[1]At all times pertinent to this appeal RCW 46.20.291(1)(c) (Laws of 1965, 1st Ex. Sess., ch. 121, § 25) provided as follows:

"(1) The department is hereby authorized to suspend the license of a driver upon a showing by its records or other sufficient evidence that the licensee:

". . .

"(c) Has been convicted with such frequency of offenses against traffic regulations governing the movement of vehicles as to indicate a disrespect for traffic laws and a disregard for the safety of other persons on the highways;"

[2]The pertinent provisions of RCW 46.20.329 in effect in 1978 (Laws of 1972, 1st Ex. Sess., ch. 29, § 1) are:

"Upon receiving a request for a formal hearing as provided in RCW 46.20.328,

ing in superior court, the department received notice that Mr. Mentor had committed a moving violation in Oregon. Thereupon, the department notified him that his license was again suspended for 60 days.[3]

Mr. Mentor then sought a writ of certiorari, attempting to challenge the constitutionality of the department's latest suspension procedure. In his application for the writ, Mr. Mentor denied having committed any offense for which a mandatory revocation of a license is required. He did not deny (nor has he to this date denied) being the person who was convicted of the Oregon violation. The writ was denied. We subsequently granted Mr. Mentor's motion for discretionary review. Additionally, we stayed enforcement of that latest suspension pending resolution of this appeal without, however, depriving the superior court of authority to adjudicate the validity of the original suspension. The narrow issue presented in this appeal is whether the trial court erred in not issuing the writ of certiorari or in declining to exercise its inherent appellate authority to stay this latest suspension.

■ A statutory writ of certiorari, RCW 7.16.040, serves

---

the department shall fix a time and place for hearing . . .

"*Any decision by the department suspending or revoking a person's driving privilege shall be stayed and shall not take effect while a formal hearing is pending* as herein provided *or during the pendency of a subsequent appeal to superior court: Provided,* That this stay shall be effective only so long as there is no conviction of a moving violation during pendency of hearing and appeal". (Italics ours.)

[3]This notice informed Mr. Mentor that his license was suspended as a result of continuing moving violations, citing RCW 46.20.291(1)(c). Upon inquiry, the driver's attorney was erroneously informed by a department employee that Mr. Mentor would be granted a driver improvement interview and hearing. *See generally* RCW 46.20.322–.334. The notice failed to inform Mr. Mentor expressly that the original suspension was no longer stayed because the department had received notice of the Oregon conviction. Nor did it cite RCW 46.20.329 as authority for the suspension. The adequacy of this notice was raised as an assignment of error, but no facts or law in support of this claimed error have been set forth in appellant's brief. We consider any error waived. *Brown v. Safeway Stores, Inc.,* 94 Wn.2d 359, 617 P.2d 704 (1980); *State v. Ozanne,* 75 Wn.2d 546, 452 P.2d 745 (1969).

to review agency actions only when the agency is exercising quasi–judicial functions. *State ex rel. Hood v. State Personnel Bd.,* 82 Wn.2d 396, 399, 511 P.2d 52 (1973). It may not be used to obtain judicial review of purely legislative, executive or ministerial acts of an agency. *Washington Fed'n of State Employees v. State Personnel Bd.,* 23 Wn. App. 142, 145, 594 P.2d 1375 (1979). Although issuance or revocation of a stay of an administrative order is judicial in nature, *see In re Koome,* 82 Wn.2d 816, 514 P.2d 520 (1973), the agency's reinstatement of the suspension in this case was merely a ministerial act, *i.e.,* it was mandated by law and required no independent exercise of judgment by the department as to the propriety of such action. *See* RCW 46.20.329. Accordingly, the Superior Court properly denied the *statutory* writ. *See Standow v. Spokane,* 88 Wn.2d 624, 564 P.2d 1145, *appeal dismissed,* 434 U.S. 992, 54 L. Ed. 2d 487, 98 S. Ct. 626 (1977).

■ Exercise of *inherent* appellate jurisdiction by the superior court would be appropriate if the agency action is illegal or arbitrary and capricious and is violative of the petitioner's fundamental rights. *State ex rel. Hood v. State Personnel Bd., supra.* However, as outlined below, the department's action in this case did not deny Mr. Mentor any fundamental right.

■ Essentially, plaintiff petitioner argues that due process requires that the department afford him a hearing to challenge the *identity* of the Oregon conviction prior to lifting the statutorily mandated stay of suspension.[4] An individual's retention of his driving privileges is a protected interest under the Fourteenth Amendment. *Bell v. Burson,* 402 U.S. 535, 29 L. Ed. 2d 90, 91 S. Ct. 1586 (1971). *State v. Scheffel,* 82 Wn.2d 872, 514 P.2d 1052 (1973). Accordingly, petitioner is correct in his assertion that retention

---

[4]The driver is not allowed to collaterally attack the validity of the violations which form the record for suspension. *State v. Petersen,* 16 Wn. App. 77, 553 P.2d 1110 (1976). However, challenge may be made as to whether the driver was actually the person convicted of those violations. *See State v. Scheffel,* 82 Wn.2d 872, 514 P.2d 1052 (1973).

of his license is an interest protected by the due process clause.

In *Bell,* the Supreme Court examined a Georgia statute which provided that uninsured drivers involved in an accident would have their licenses suspended unless the driver posted security to cover the damages claimed by the aggrieved parties in their accident report. The court concluded that, except in emergency situations, the state must afford the driver notice and an opportunity for a hearing, appropriate to the nature of the case, *before* the termination of privileges becomes effective.

The State correctly points out that Mr. Mentor was afforded a due process hearing in 1978, and a stay of suspension was in effect at all times prior to that hearing. The petitioner argues that *Bell* requires that the State afford him a hearing prior to the *lifting* of any stay of suspension while he appeals the department's original decision to suspend his license. We do not agree.

██ *Dixon v. Love,* 431 U.S. 105, 52 L. Ed. 2d 172, 97 S. Ct. 1723 (1977), is dispositive of the driver's argument. In *Dixon,* the Supreme Court considered whether the Illinois motor vehicle code contained adequate constitutional protection for drivers whose licenses were suspended or revoked as a result of their driving records. The Illinois statutory scheme included a "point system" similar to Washington's and permitted a summary decision to suspend or revoke a license based on official records. *Dixon,* 431 U.S. at 107. *See* RCW 46.20.270-.291; WAC 308-104-020 through -030.

Unlike the statutory scheme in Washington, a full administrative hearing was available in Illinois only *after* the suspension or revocation took effect. In finding the Illinois statutory scheme adequately protected the driver's interest, the court considered three factors as outlined in *Mathews v. Eldridge,* 424 U.S. 319, 335, 47 L. Ed. 2d 18, 96 S. Ct. 893 (1976).

> [F]irst, the private interest that will be affected by the official action; second, the risk of an erroneous depri-

vation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Dixon v. Love*, 431 U.S. at 112–13.

Similarly, we conclude that the driver's interest is adequately protected by the administrative hearing and appeal procedure outlined in RCW 46.20.322–.334. *See State v. Scheffel, supra.* The driver has had an opportunity to litigate each conviction which appears on the department record and forms the basis for the department's decision.

We consider the stay of suspension while a driver appeals his case to superior court a matter of legislative grace and well beyond the due process requirements of the state and federal constitutions. *See Dixon v. Love, supra; State v. Scheffel, supra.* The due process clause does not require the State to afford an indefinite stay of license suspension to a driver with an extensive record of violations while he exhausts all possible appeals.

Mr. Mentor argues that, by refusing him an opportunity to challenge the Oregon conviction which caused reinstatement of the suspension, his right to appeal the department's decision to superior court becomes an exercise in futility. The driver is not completely without a remedy. A court, exercising its discretion, may invoke its inherent power in appropriate cases to enter a *stay* of the administrative decision while the appeal is pending. *See In re Koome, supra; Kennett v. Levine,* 49 Wn.2d 605, 304 P.2d 682 (1956).

Finding no constitutional error in the challenged statutory scheme, we affirm the trial court's denial of the writ.

The order of suspension is reinstated.

REED, C.J., and PETRICH, J., concur.