[No. 11072–1–I.   Division One.   September 15, 1982.]

DELMUS PUNTON, *Respondent,* v. THE CITY OF SEATTLE
PUBLIC SAFETY COMMISSION, *Appellant.*

*Douglas N. Jewett, City Attorney,* and *Susan Rae Sampson, Assistant,* for appellant.

*Clinton, Fleck, Glein & Linville* and *Larry Linville,* for respondent.

JAMES, J.—The Seattle Public Safety Civil Service Commission (Commission) appeals from a superior court order in a certiorari proceeding reinstating Delmus Punton as an officer of the Seattle Police Department. We affirm in part and reverse in part.

Following an investigation of several incidents occurring during June 1980, the Seattle Police Chief on September 22 dismissed Punton based upon charges of conduct unbecoming an officer, disobedience of a superior's order, allowing unauthorized persons to ride in his patrol car, and using unnecessary force in detaining a citizen for identification purposes. Dismissal was imposed in light of Punton's prior adverse disciplinary record.

Punton was not advised of the charges or afforded a hearing at any time before receiving his notice of dismissal. The Chief's decision was reviewed by disciplinary panels within the Department. The panels sustained three of the specific charges but recommended suspension instead of dismissal. The Chief reviewed the panels' recommendation and adhered to his earlier decision to dismiss Punton.

Punton filed an appeal with the Commission, whose hearings are "confined to the determination of the question of whether [the] removal, suspension, demotion, or discharge was made in good faith for cause." Seattle Municipal Code 4.08.100(A). Punton there argued that the failure to provide a pretermination hearing rendered his discharge constitutionally invalid. The Commission concluded that Punton's dismissal was made in good faith for cause and affirmed the Chief's decision.

Punton next obtained a writ of certiorari, alleging that

his discharge "was not in good faith, nor for cause, nor in conformance with due process." Punton again pressed his argument that failure to provide a pretermination hearing denied him due process and also argued that the Chief's action constituted a violation of 42 U.S.C. § 1983,[1] although he filed no pleading relying upon section 1983.

The trial judge found that substantial evidence supported the dismissal on each of the five grounds upon which the Chief relied. The trial judge concluded, however, that a pretermination hearing was required by the Department's manual and by the collective bargaining agreement between the City and the Seattle Police Officers' Guild. The trial judge further concluded:

4. Because a pretermination hearing is intended to assure the Chief of Police access to all information before a decision is reached and discipline implemented, the omission of a pretermination hearing cannot be subsequently cured by a post–termination hearing in this case.

5. Delmus Punton's expectation of continued employment with the City of Seattle is a property interest protectable by due process.

6. Delmus Punton's interest in his good name and ability to freely seek gainful employment [e]lsewhere is a liberty interest protectable by due process.

7. Neither contention nor evidence was presented to the court which would warrant omission of a pretermination hearing in this case.

8. Omission of the pretermination hearing violated Delmus Punton's State and U.S. Constitutional rights to due process of law.

Conclusions of law 4–8. The trial judge ordered Punton's reinstatement to the Seattle Police Department, with back pay, and ordered that Punton's personnel records be "cor-

---

[1] 42 U.S.C. § 1983 provides, in pertinent part:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

rected" to indicate his termination was reversed by the Superior Court as contravening procedural due process. The trial judge also awarded Punton attorney's fees for the administrative and superior court proceedings under authority of 42 U.S.C. § 1988.[2]

The Commission first contends that the trial judge exceeded the permissible scope of review permitted in certiorari proceedings. Relying upon *Olson v. UW*, 89 Wn.2d 558, 573 P.2d 1308 (1978), the Commission argues that where, as here, administrative action is appealable to a reviewing body and that body's review is statutorily limited, the trial judge can review by certiorari only the proceedings before the reviewing body and may not consider the original action. Assuming that the Commission's determination was proper within its sphere (*i.e.*, the discharge was "made in good faith for cause", Seattle Municipal Code 4.08.100(A)), review of Punton's remaining contentions by writ of certiorari would be precluded. We do not agree.

■ The questions which are to be determined by the trial judge in a proceeding under a statutory writ of certiorari include:

> (2) Whether the authority, conferred upon the body or officer in relation to that subject matter, has been pursued in the mode required by law, in order to authorize it or to make the determination.
>
> (3) Whether, in making the determination, any rule of law affecting the rights of the parties thereto has been violated to the prejudice of the relator.

RCW 7.16.120(2), (3).

Allegations that a body or officer charged with decision-making authority failed to comply with its governing rules or regulations promulgated pursuant to its rulemaking authority or acted in an unconstitutional manner are properly before the superior court pursuant to RCW 7.16.120(2)

---

[2]42 U.S.C. § 1988 provides, in pertinent part: "In any action or proceeding to enforce a provision of [section] . . . 1983 . . . of this title, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

and (3). Moreover, "[t]he superior court also has power, under article 4, sections 1 and 6 of our state constitution, to review by writ of certiorari judicial and nonjudicial actions of an administrative agency." *King Cy. v. State Bd. of Tax Appeals,* 28 Wn. App. 230, 237, 622 P.2d 898 (1981). Thus, the courts possess inherent appellate jurisdiction to determine if agency action was illegal and violative of fundamental rights. *Williams v. Seattle Sch. Dist. 1,* 97 Wn.2d 215, 643 P.2d 426 (1982); *Mentor v. Nelson,* 31 Wn. App. 615, 644 P.2d 685 (1982).

If an intermediate or reviewing administrative body is empowered to determine only certain narrow issues, this establishes only that a plaintiff does not obtain review of other issues relating to procedurally improper, illegal, or unconstitutional action which he may raise under RCW 7.16.040 and RCW 7.16.120 before initiating proceedings in superior court. The Legislature has not restricted the scope of the statutory writ of certiorari when the intermediate administrative body has a limited scope of review, and the courts will not imply such a limitation.

*Olson v. UW* is not to the contrary. There, formal disciplinary proceedings were instituted after the officer decided to reject an informal disciplinary procedure proposed by his chief. His due process claim was predicated solely on the alleged impropriety of that proposal. Unlike here, in *Olson* there was no contention

> that the procedures followed by the University and the [Higher Education Personnel Board] were improper. . . . No nexus between the conduct of [the Chief] questioned here and the Board's affirmance of the University's decision to dismiss respondent [was] shown.

*Olson v. UW, supra* at 563.

The Commission next contends that Punton has no constitutional right to a pretermination hearing under the due process clauses of the federal or state constitutions, and that no right to a pretermination hearing is granted by the Department's regulations or the collective bargaining agreement. The Commission argues, then, that the trial

judge erred in concluding Punton was deprived of a property right without due process of law. We do not agree.

To determine if due process requirements apply, it must first be established that the plaintiff was deprived of an interest which can be characterized as "property" or "liberty." *Board of Regents v. Roth,* 408 U.S. 564, 33 L. Ed. 2d 548, 92 S. Ct. 2701 (1972). The Commission concedes that, as a permanent civil service employee who could be discharged only for cause, Punton possessed a property right in his continued employment.[3]

Next, it must be determined what "process" is "due"; here, whether a pretermination hearing was required. *Mathews v. Eldridge,* 424 U.S. 319, 332–33, 47 L. Ed. 2d 18, 96 S. Ct. 893 (1976). In *Ticeson v. Department of Social & Health Servs.,* 19 Wn. App. 489, 576 P.2d 78 (1978), we held that the dismissal of a permanent civil service employee in compliance with RCW 41.06.170 did not deprive her of procedural due process with respect to her property right to continued public employment. The procedures established by RCW 41.06.170 are substantially identical to those *followed* in Punton's case, for RCW 41.06.170 affords neither a right to a pretermination hearing nor a right to predismissal notice of the charges.[4] As a matter of

---

[3]This is in accord with our decisions in *Ticeson v. Department of Social & Health Servs.,* 19 Wn. App. 489, 576 P.2d 78 (1978), and *Helland v. King Cy. Civil Serv. Comm'n,* 10 Wn. App. 683, 685 n.1, 519 P.2d 258 (1974), *rev'd on other grounds,* 84 Wn.2d 858, 529 P.2d 1058 (1975). *Accord, Arnett v. Kennedy,* 416 U.S. 134, 155, 177, 209, 40 L. Ed. 2d 15, 94 S. Ct. 1633 (1974). *See Ritter v. Board of Comm'rs,* 96 Wn.2d 503, 509, 637 P.2d 940 (1981), quoting *Perry v. Sindermann,* 408 U.S. 593, 601, 33 L. Ed. 2d 570, 92 S. Ct. 2694 (1972) ("A due process property interest exists 'if there are such rules or mutually explicit understandings that support [an individual's] claim of entitlement to the benefit and that he may invoke at a hearing.'"). *But cf. Williams v. Seattle Sch. Dist. 1,* 97 Wn.2d 215, 643 P.2d 426 (1982); *Giles v. Department of Social & Health Servs.,* 90 Wn.2d 457, 583 P.2d 1213 (1978) (no property right in public employment).

[4]RCW 41.06.170(2) provides:

"Any employee who is reduced, dismissed, suspended, or demoted, after completing his probationary period of service as provided by the rules and regulations of the board . . . shall have the right to appeal to the personnel appeals board created by RCW 41.64.010 not later than thirty days after the effective date of

constitutional law, *Ticeson* is dispositive of Punton's due process claims concerning his property right to continued public employment unless, as we herein conclude, the Department has adopted more stringent requirements and the failure to follow those requirements amounts to a deprivation of due process.[5]

Pursuant to article 6, section 4 of the Seattle City Charter, the Police Department promulgated its *Manual of Rules and Procedures* (hereinafter *Manual*). Its provisions "are to be observed continuously by the entire Department." *Manual* § 1.01.010.

When a complaint against an officer is received, investigated, and "classified as being sustained", the *Manual* specifies the following procedures:

   3) The accused is notified immediately and in writing.
      a) When disciplinary action is intended by the Chief of Police, he shall ensure that the accused is immediately notified of the intended discipline and of his right to a disciplinary hearing if such exists.

      Except in those cases where felony charges will be requested, the accused has 48 hours . . . to waive or exercise his right to a disciplinary hearing. . . . If the accused exercises his right to a disciplinary hearing or a board is convened despite waiver, he shall have adequate time to prepare his defense after he has been fully informed of the nature of the charges that have been lodged against him. This shall not interfere with the authority of the Chief of Police to suspend accused employees pending completion of review by the disciplinary hearing panel.

      . . .

---

such action. The employee shall be furnished with specified charges in writing when a reduction, dismissal, suspension, or demotion action is taken. Such appeal shall be in writing."

[5]Although resolution of this case on nonconstitutional grounds *might* have been possible, *see Williams v. Seattle Sch. Dist. 1, supra* at 222–23, *Wilson v. Nord,* 23 Wn. App. 366, 597 P.2d 914 (1979), the parties have elected to present this case to the trial judge and to this court solely on constitutional grounds.

c) The Chief of Police will implement the disciplinary action with the assistance of the accused's commanding officer.

*Manual* § 1.09.040(4)(c)(3)(a), (c). After the hearing panel renders its decision, "[t]he accused will be advised . . . of the results . . . and provided with a copy of the panel's recommendations prior to implementation of any disciplinary action that may be recommended." *Manual* § 1.09-.040(7)(d).

Granting the accused 48 hours to exercise or waive "his right to a disciplinary hearing" and guaranteeing adequate time to prepare if "his right to a disciplinary hearing" is exercised are tantamount to an express declaration that a right to a disciplinary hearing exists.

As to the timing of this disciplinary hearing, the accused must be notified of "his right to a disciplinary hearing" and notified of the discipline at a time when it is "intended." "[I]ntended" discipline is discipline not yet imposed. Provision for the accused's receipt of the disciplinary panel's recommendation "prior to any disciplinary action that may be recommended", *Manual* § 1.09.040(7)(d), also supports Punton's contention that a pretermination hearing was required.

Specific reservation of the Chief's authority to *suspend* accused officers during the pendency of a disciplinary hearing extends no authority to impose the more severe penalty of *discharge* during this period. The express mention of one thing is indicative of intent to exclude other things not expressed. *E.g., Dominick v. Christensen,* 87 Wn.2d 25, 548 P.2d 541 (1976).

The Commission cites a provision that "[t]he Chief of Police will review all investigations into misconduct of department personnel and take such action as he deems appropriate in each individual case", *Manual* § 1.09-.030(2)(a), in support of its position that no pretermination hearing was required. But this provision does not address *when* the disciplinary action is to be taken. Given the advisory nature of recommendations by the disciplinary hearing

panels, delay in discharging employees until after the hearing does not impinge on the Chief's ultimate authority to "take such action as he deems appropriate". The Commission also presents various reasons justifying quick disciplinary action, *e.g.*, alleged danger to the public. These reasons could support a suspension "pending completion of review by the disciplinary hearing panel" but do not establish the necessity for or propriety of a discharge. We agree with the trial judge that the Department's regulations required a pretermination hearing.

■ Disregard of an administrative regulation may constitute a denial of procedural due process. *Taylor v. Franzen*, 93 Ill. App. 3d 758, 417 N.E.2d 242 (1981). But there is no general due process right to have states adhere to procedural rules which they establish. Insofar as state procedural rules may impose requirements beyond those required by constitutional standards, a violation of such rules is not per se a denial of due process. *Bills v. Henderson*, 631 F.2d 1287 (6th Cir. 1980); *United States v. Jiles*, 658 F.2d 194 (3d Cir. 1981); *Cofone v. Manson*, 594 F.2d 934 (2d Cir. 1979); *Taylor v. Franzen, supra; Adamchek v. Board of Educ.*, 174 Conn. 366, 387 A.2d 556 (1978); *King v. Hilton*, 525 F. Supp. 1192 (D.N.J. 1981); *Morrow v. Bassman*, 515 F. Supp. 587 (S.D. Ohio 1981); *see United States v. Caceres*, 440 U.S. 741, 751–53, 59 L. Ed. 2d 733, 99 S. Ct. 1465 (1979) (violation of Internal Revenue Service investigation procedural regulations raises no due process questions where defendant neither relied on agency regulations promulgated for his guidance or benefit nor suffered substantially because of their violation).[6]

State regulations which impose limits on state authority or confer a substantive right create interests protected by

---

[6]Although the failure to follow applicable procedural rules is most often analyzed in terms of a deprivation of a "liberty" interest, *see, e.g., Vitek v. Jones*, 445 U.S. 480, 63 L. Ed. 2d 552, 100 S. Ct. 1254 (1980), *Bills v. Henderson*, 631 F.2d 1287 (6th Cir. 1980), a failure to follow procedural rules which is closely associated, as here, with the deprivation of a "property" right could logically be analyzed as an infringement of a "property" right.

due process, however. In contrast, regulations which merely establish procedures by which the decision maker is to exercise his authority give rise to no due process protections. *Cofone v. Manson, supra; United States v. Jiles, supra; contra, Bills v. Henderson, supra* at 1293 (no "liberty" interest is created by state regulations). Some regulations may entail both procedural and substantive aspects, *King v. Hilton, supra,* so this distinction is not necessarily easy to apply. But if such regulations establish a procedure for deprivation of a property right, the employee–claimant has a substantial interest in having those procedures followed. We consider the test stated in *Cofone* and *Jiles* to provide a more appropriate level of protection for this substantial interest and therefore apply it here.

The regulations grant a substantive right to a pretermination hearing. The regulations also limit the Chief's authority, pending the disciplinary hearing, to ordering suspension of the officer. The regulations therefore establish elements of a substantive "property" interest. Violation of the regulations gives rise to a prima facie deprivation of due process.

We recognize that certain de minimis deprivations of "liberty" or "property" are not constitutionally cognizable, *Goss v. Lopez*, 419 U.S. 565, 42 L. Ed. 2d 725, 95 S. Ct. 729 (1975). But the failure to provide a pretermination hearing cannot be described as harmless or de minimis. As the trial judge concluded,

> Because a pretermination hearing is intended to assure the Chief of Police access to all information before a decision is reached and discipline implemented, the omission of a pretermination hearing cannot be subsequently cured by a post–termination hearing in this case.

Conclusion of law 4. An employee in Punton's situation has significant interest in having his case heard by a neutral panel and having the record therein considered by the ultimate decision maker without any burden of persuading that decision maker to set aside a prior summary determination.

We conclude that Punton was denied due process of law when the Department failed to provide a pretermination hearing according to its regulations. Accordingly, we affirm that portion of the judgment which orders his reinstatement and awards back pay with interest thereon.

The Commission also contends that the trial judge erred by concluding that Punton was deprived of a "liberty" interest because he was discharged without a pretermination hearing.[7] But the judgment herein does not depend upon the propriety of this conclusion. The order modifying Punton's personnel file to reflect reversal of his termination on due process grounds is consistent with our conclusion as to Punton's property rights and thus proper. Nor has Punton sought any additional relief in this action which would require us to consider if he was denied a "liberty" interest. Accordingly, we do not address the issue.

The Commission next contends the trial judge erred in awarding attorney's fees pursuant to 42 U.S.C. § 1988. We agree.

In proceedings pursuant to a writ of certiorari or review, a trial judge acts as an appellate court reviewing the propriety of administrative action. *North St. Ass'n v. Olympia,* 96 Wn.2d 359, 635 P.2d 721 (1981); *Grays Harbor Cy. v. Williamson,* 96 Wn.2d 147, 634 P.2d 296 (1981). Punton's argument relying upon section 1983 did not change the nature of this proceeding. A similar issue concerning costs was considered in the early case of *Bringgold v. Spokane,* 19 Wash. 333, 336, 53 P. 368 (1898):

[T]he undisputed rule of law is that the office of a writ of review is to enforce the judgment which should have been rendered by the lower tribunal. It is conceded that

---

[7]"[L]iberty, defined in part as the right of an individual to contract and to engage in an occupation," may be infringed if (1) the government dismisses an employee based on a charge that calls into question his good name, honor, or integrity, or (2) if the government's dismissal of the employee forecloses the employee's freedom to take advantage of other employment opportunities. *Giles v. Department of Social & Health Servs.,* 90 Wn.2d 457, 461, 583 P.2d 1213 (1978). *Accord, Board of Regents v. Roth,* 408 U.S. 564, 33 L. Ed. 2d 548, 92 S. Ct. 2701 (1972).

the police commission had no jurisdiction to adjudge costs in the proceedings which were had before it. That being true, the superior court was without jurisdiction upon the review to enter a judgment for the costs incurred in the trial before the police commissioners. Its jurisdiction could only go to the extent of rendering the judgment that should have been rendered by the lower tribunal.

Neither the Commission nor the disciplinary panels possessed authority to award attorney's fees incurred in their proceedings. It follows that the trial judge likewise lacked jurisdiction in a certiorari proceeding to award fees for such administrative proceedings. *Bringgold v. Spokane, supra.*

Given that the function of a writ of certiorari is to secure the rendition of "the judgment which should have been rendered by the lower tribunal", *Bringgold v. Spokane, supra* at 336, we perceive that the relief granted under the writ may be only that which is necessary to set aside action in excess of "the jurisdiction of [the] tribunal, board or officer, or [is illegal]" or to "correct any erroneous or void proceeding, or a proceeding not according to the course of the common law". RCW 7.16.040. This is but an application of the rule that a writ of certiorari is designed to provide relief where there is no plain, speedy, and adequate remedy at law. RCW 7.16.040; *State v. Cascade District Court,* 24 Wn. App. 522, 603 P.2d 1264 (1979). *See also Standow v. Spokane,* 88 Wn.2d 624, 564 P.2d 1145 (1977) (party may file action for damages and yet not be precluded from relief by certiorari).

The administrative bodies' failure to award attorney's fees was not error. The Superior Court did not correct any error below by awarding fees in the certiorari proceedings. We conclude that the trial judge erred in awarding attorney's fees in the superior court proceedings as well as for the prior administrative proceedings.

Accordingly, the judgment is reversed as to attorney's fees and affirmed in all other respects.

CALLOW, J., concurs.
WILLIAMS, J., concurs in the result.

Reconsideration denied October 15, 1982.

Review denied by Supreme Court January 7, 1983.