[No. 5130-7-III.   Division Three.   June 9, 1983.]

ARTHUR HANSEN, ET AL, *Appellants,* v. STEVEN R. SIPE, ET AL, *Respondents.*

*Clement F. Yuse* and *Kenneth Watts,* for appellants.

*Stephen C. Haskell* and *MacGillivray & Jones,* for respondents.

McINTURFF, J.—Vera and Arthur Hansen brought this action against Steven and Kay Sipe when the Sipes' German shepherd bit Mrs. Hansen as she walked along a Burlington Northern Railroad right of way abutting the Sipes' unfenced property. The Hansens appeal from a summary judgment dismissing their complaint.

The issue on appeal concerns the proper interpretation of RCW 16.08.040–.050. RCW 16.08.040 provides:

> Liability for dog bites. *The owner of any dog which shall bite any person while such person is in* or on a public place or *lawfully in or on a private place including the property of the owner of such dog, shall be liable for* such damages as may be suffered by the person bitten, regardless of the former viciousness of such dog or the owner's knowledge of such viciousness.

(Italics ours.) RCW 16.08.050 provided:[1]

> When entrance on private property is lawful. *A person is lawfully upon the private property of such owner* within the meaning of RCW 16.08.040 through 16.08.060 *when he is on such property in the performance of any duty imposed upon him by the laws* of the state of Washington or of the United States or the ordinances of any municipality in which such property is situated.

(Italics ours.)

In an affidavit filed in opposition to the Sipes' motion for a summary judgment, Lawrence Silvernale, regional counsel

---

[1]In 1979, after the incident in question, the Legislature amended RCW 16.08-.050 and expanded the definition of "lawful presence" to include persons on "the property of the owner" with the owner's "express or implied consent". *See* Laws of 1979, ch. 148, § 1.

for Burlington Northern, stated that with respect to the unobjected use by pedestrians of its rights of way as footpaths, the railroad "should be determined to have allowed such use." In its memorandum opinion granting the motion for summary judgment, the trial court noted that for purposes of the motion, "Vera Hansen's presence on the railroad property must be considered at least permissive."

The trial court interpreted the restrictive definition of "lawful" presence contained in RCW 16.08.050 as applying to all private property, not just the private property of the dog owners. Since Mrs. Hansen was not on the railroad's property "in the performance of any duty imposed . . . by the laws . . ." the court concluded she was not lawfully there and the Sipes could not be strictly liable under RCW 16.08.040.

The Hansens contend "lawful" presence, as used in RCW 16.08.040, has its common and ordinary meaning. In their view, the Legislature has restricted this meaning only in circumstances where the victim is on the *dog owner's* property. We agree.

When a court interprets the language of a statute, it is guided by the rules of statutory construction, including the following:

> The primary objective of statutory construction is to try to carry out the intent of the legislature. An expression of one thing in a statute excludes others not expressed. Words of a statute, *unless otherwise defined*, must be given their usual and ordinary meaning. The court will not read into a statute matters which are not there nor modify a statute by construction.

(Citations omitted.) *Dominick v. Christensen,* 87 Wn.2d 25, 26–27, 548 P.2d 541 (1976).

Here, RCW 16.08.040 creates strict liability in a dog owner where the dog bite victim is "lawfully in or on a private place including the property of the owner of such dog . . ." Under RCW 16.08.050, "[a] person is lawfully upon the private property *of such owner* . . . when . . . in the performance of any duty imposed upon him by the laws

. . ." (Italics ours.) The phrase "of such owner" in the latter statute refers back to the previous use of the word "owner" in RCW 16.08.040, *i.e.,* the owner of the dog. This phraseology is evidence of the Legislature's intent to exclude private property owned by third persons from the restrictive definition of "lawful" given in RCW 16.08.050. Any other construction would lead to incongruous results. For example, a person bitten by a dog while sitting on his own front porch would not be able to hold the dog owner strictly liable because he (the victim) was not in the performance of a duty imposed by law.

Since the Legislature does not define "lawful" presence as it relates to persons on private property owned by third persons, the usual and ordinary meaning of that term applies. *See Dominick v. Christensen, supra. Webster's Third New International Dictionary* (1969) defines "lawful" as "allowed or permitted by law." For purposes of the summary judgment motion, Mrs. Hansen's use of the right of way was deemed permissive. Such use would be lawful as that term is ordinarily used.

Our holding is consistent with the two previous Washington cases which applied RCW 16.08.050, *supra.* Language in *Reis v. Becker,* 3 Wn. App. 199, 201, 473 P.2d 856 (1970) indicates that the court viewed the statutory definition as applying only to persons on the private property of the dog owner:

> We begin by making the observation that RCW 16.08.050 qualifies the word lawful and thereby limits the imposition of absolute liability *only in those instances wherein a person is bitten while on the premises of the owner of the dog.*

(Italics ours.) *Dominick v. Christensen, supra* at 27, holds only that the statutory definition "controls the result in the instant case", *i.e.,* where the bite occurred on the dog owner's property.

The judgment of the Superior Court is reversed.

ROE, C.J., and GREEN, J., concur.