[No. 6578-1.   Division One.   May 7, 1979.]

ROBERT BOOKER, *Appellant,* v. SOUTH CENTRAL SCHOOL DISTRICT NO. 406, ET AL, *Respondents.*

*Schneider, Smythe, Salley, Van Siclen & Reynolds* and *Robert C. Van Siclen,* for appellant.

*J. Richard Quirk,* for respondents.

WILLIAMS, J.—Robert Booker was terminated from his teaching position via the nonrenewal provisions of RCW Title 28A. He appeals from a King County Superior Court decision which upheld the legality of the statutory scheme under which he was terminated.

Booker does not challenge the merits of the termination nor does he claim that the school district failed to follow the statutory procedure. Rather he contends that the statutory scheme lacked an appearance of fairness and offended due process.

RCW Title 28A establishes a specific procedure for terminating a teaching contract: the school district superintendent must make a determination of probable cause for nonrenewal and serve the teacher with written notice specifying the cause. RCW 28A.67.070. Within 10 days after receiving such notice, the teacher may request a hearing by the school board pursuant to RCW 28A.58.455 to determine the sufficiency of the cause for nonrenewal. RCW 28A.67-.070. Under the version of RCW 28A.58.455 in effect at the time of Booker's hearing, the school board had the responsibility for making the final decision unless the board and

the teacher agreed to allow the hearing officer to assume that role. Laws of 1975, 2d Ex. Sess., ch. 114, § 5, p. 401.[1]

RCW 28A.58.460 permits the teacher to appeal an adverse decision of the board to the Superior Court. The trial court reviews the record of the hearing before the board except for issues of procedural irregularities outside the record or an abridgement of free speech rights which are heard de novo. RCW 28A.58.480.

Booker contends the school board's hearing offended due process because of inadequate separation of the roles of prosecutor (district superintendent) and judge (board). His argument is based upon the superintendent's multiple roles of accuser, board employee, and board secretary. He also argues that due process requires a de novo court hearing.

De novo review has been found to be an important protection where the board is both the original accuser and the ultimate fact–finder. *Francisco v. Board of Directors,* 85 Wn.2d 575, 537 P.2d 789 (1975). Nothing in the federal constitution, however, requires such review provided the original hearing is consistent with due process. *See Hortonville Joint School Dist. 1 v. Hortonville Educ. Ass'n,* 426 U.S. 482, 49 L. Ed. 2d 1, 96 S. Ct. 2308 (1976).

The superintendent's dual role as board secretary and Booker's accuser is not inconsistent with due process because the superintendent does not have the power of ultimate decision. *Vancouver v. Jarvis,* 76 Wn.2d 110, 455 P.2d 591 (1969). In the absence of evidence to the contrary, we must presume the board performed its duties "properly, legally, and in compliance with controlling statutory provisions." *Ledgering v. State,* 63 Wn.2d 94, 101, 385 P.2d 522 (1963). That the board may have been "involved" in the accusatory process because the superintendent was its employee is insufficient, by itself, to invalidate the board's

---

[1]Laws of 1977, 1st Ex. Sess., ch. 7, § 1, p. 186 removes the board as decision-maker and gives that function to the hearing officer. This legislation was effective September 21, 1977, several months after Booker's hearing.

hearing. As stated in *Hortonville Joint School Dist. 1 v. Hortonville Educ. Ass'n, supra* at 496–97:

A showing that the Board was "involved" in the events preceding this decision, in light of the important interest in leaving with the Board the power given by the state legislature, is not enough to overcome the presumption of honesty and integrity in policymakers with decision-making power.

Booker has failed to carry his burden of demonstrating that the hearing procedure is inconsistent with due process. *Francisco v. Board of Directors, supra.*

Nor has Booker shown that the hearing lacked an appearance of fairness. Simply because the superintendent was a board employee would not cause a reasonable, disinterested person to believe the board had an interest in supporting its superintendent which might affect its decision. *Chicago, M., St. P. & Pac. R.R. Co. v. State Human Rights Comm'n,* 87 Wn.2d 802, 810, 557 P.2d 307 (1976).

Affirmed.

JAMES and ANDERSEN, JJ., concur.