[No. 14595-9-I. Division One. September 2, 1986.]

CRAIG R. DANIELSON, *Appellant,* v. THE CITY OF SEATTLE, ET AL, *Respondents.*

*John P. Harris* and *Kennedy, Schuck, Harris & Miller, P.S.,* for appellant.

*Douglas N. Jewett, City Attorney,* and *Rodney Eng, Assistant,* for respondents.

UTTER, J.*—Craig R. Danielson and the City of Seattle appeal from the trial court's ruling that the Seattle Police Department discharged Danielson without procedural due process. We conclude that the Police Department afforded Danielson adequate due process, and reverse the trial court's award of back pay and benefits.

Danielson joined the Seattle Police Department in 1971. From 1978 through 1980 he received psychiatric treatment for depression. His first marriage broke up during that period. In 1981 Danielson's psychiatric problems began to recur in conjunction with financial problems.

While on duty on March 15, 1982, Danielson obtained a bank card from an itinerant "street person". While still on duty and in uniform Danielson used the card to make four withdrawals from two bank card machines. He obtained a total of $225, spent it, and then destroyed the card.

On April 12, 1982, a bank official contacted the Seattle Police Department about the withdrawals. The bank provided the Department with four photographs taken automatically by the cash machine that showed a man in a police uniform withdrawing money. On the same day the Police Department's Internal Investigations Section (IIS) began an investigation into the incident.

On April 15, 1982, two IIS officers interviewed Danielson about the theft. The officers explained the charges that they were investigating and that criminal charges might be filed. The officers also gave Danielson his *Miranda* rights and described the evidence supporting the charges. The officers asked Danielson if he would like to make a statement. After being told of the evidence available, Danielson

---

*This appeal was heard by a Supreme Court Justice and two retired Superior Court Judges sitting as Court of Appeals Judges Pro Tempore in Division One.

admitted withdrawing the money and described the events surrounding the withdrawals. He further explained that he had been overextended financially because of high mortgage payments and child support responsibilities.

On April 16, 1982, the Department suspended Danielson for 30 days without pay pending completion of the IIS investigation. On April 19 the Department forwarded the case to the King County Prosecutor. Initially the prosecutor's office intended to allow Danielson to plead guilty to a misdemeanor. When the office learned that Danielson had been caught shoplifting on May 12, 1982, however, it filed felony charges in superior court.

On May 7, the police chief dismissed Danielson for six violations of Seattle Police Manual provisions.[1] All of the violations alleged stemmed from the bank card incidents but not from the filing of felony charges. On June 11, 1982, Danielson received a formal disciplinary board hearing before a board of police officers. At the hearing Danielson's attorney argued that Danielson's situation should be treated as a medical, not a disciplinary, problem. He also argued that Danielson was suffering from diminished mental capacity when he used the bank card. Danielson presented two psychiatrists as witnesses whose testimony generally supported his arguments. The board rejected Danielson's defense and unanimously affirmed his dismissal.

Danielson appealed his discharge to the Public Safety Civil Service Commission. The sole object of a Commission hearing is to determine whether a discharge is for good cause. RCW 41.12.090. At a hearing on July 14, 1982, Danielson again presented evidence of diminished mental capacity. The Commission unanimously upheld Danielson's discharge.

On June 21, 1982, Danielson pleaded guilty to the felony charge. On August 20, 1982, he was given a 3-year deferred

---

[1]Danielson received notice of his discharge by mail on May 12, 1982. The shoplifting incident occurred just after he received the notice.

sentence. His probation was concluded on January 27, 1984. At that time the court allowed Danielson to withdraw his plea of guilty and enter a plea of not guilty, dismissed the charge against him, and ordered that Danielson be discharged from all penalties and disabilities caused by the filing of the charge.

Meanwhile Danielson challenged the Commission's ruling by writ of certiorari to the Superior Court for King County. At hearings in June 1983, Danielson argued that the Seattle Police Department had unconstitutionally failed to give him a pretermination hearing. Judge Kraft reviewed the proceedings of the Commission as well as additional evidence submitted by the parties. The trial court agreed with Danielson and awarded him back pay and benefits for the period between his discharge and August 20, 1982, the date of his sentencing. The court refused, however, to order Danielson's reinstatement. The court repeated this refusal in July 1983, in response to Danielson's motion for reconsideration, and again in March 1984, in response to Danielson's motion for a new trial in light of the dismissal of his charges.

Before this court Danielson appeals the court's refusal to order his reinstatement. The City appeals the court's interpretation of the Seattle Police Manual and collective bargaining agreement, its conclusion that Danielson's discharge violated procedural due process requirements, and its award of back pay and benefits to Danielson.

## A
### TRIAL COURT'S FINDINGS OF FACT

The first issue is whether this court is bound by the trial court's findings of fact. The trial court reviewed this case pursuant to a writ of certiorari. Afterward the court issued several findings of fact and conclusions of law. Danielson argues that the City must lose certain arguments on appeal for failing to assign error to key findings of fact. The City argues that this court's review of the record is de novo, and that this court is not bound by the Superior Court's find-

ings of fact.

■ A Court of Appeals is not bound by a superior court's findings of fact when an administrative agency has conducted all of the evidentiary hearings. In such a situation the administrative agency is the exclusive fact–finding body. *King Cy. Water Dist. 54 v. King Cy. Boundary Review Bd.*, 87 Wn.2d 536, 543–44, 554 P.2d 1060 (1976). In addition, a Court of Appeals is not bound by a superior court's findings of fact that are based on documentary, nontestimonial evidence. In such a situation the Court of Appeals is as competent as the superior court to weigh and consider the evidence. *In re Estate of Reilly*, 78 Wn.2d 623, 654, 479 P.2d 1 (1970).

In this case the trial court did not receive any testimony from witnesses. The court based its findings of fact on a transcript of the Commission's hearing and on additional affidavits and documentary evidence. This court is as competent as the superior court to evaluate the evidence that supports the findings of fact, and this court is not bound by those findings.

## B
### INTERPRETATION OF POLICE MANUAL AND
### COLLECTIVE BARGAINING AGREEMENT

The trial court interpreted the Seattle Police Manual to provide officers charged with a felony a right to a pretermination hearing. The court found that the police chief violated both the manual and the Seattle Police Guild collective bargaining agreement when he discharged Danielson without a pretermination hearing. The court also ruled that both the manual and the collective bargaining agreement provide officers a right to a pretermination hearing that cannot be abrogated by the police chief at his discretion. The City challenges each conclusion.

The Seattle Police Manual provides that when the Internal Investigations Section concludes that complaints about an officer should be "sustained", the officer will be notified and:

*Except in those cases where felony charges will be requested,* the accused has 48 hours, excluding weekends and holidays, from the time of notification in which to waive or exercise his right to a disciplinary hearing.

(Italics ours.) Seattle Police Manual 1.09.040(4)(c)(3)(a); Supplemental Clerk's Papers, at 7.[2] The manual does not specify the rights of an accused when felony charges will be requested. The City argues that when felony charges will be requested an accused officer has no substantive right to a pretermination hearing, and therefore no procedural right to request a hearing within 48 hours. Danielson argues— and the trial court ruled—that an accused officer has a substantive right to a pretermination hearing that is not affected by this procedural provision. The trial court con-

---

[2]The full subsection reads as follows:

"When a[n] [Internal Investigation Section] complaint is classified as being sustained:

"(1) . . .

"(2) . . .

"(3) . . .

"(4)(c)(3) The accused is notified immediately and in writing

"(a) When disciplinary action is intended by the Chief of Police, he shall insure that the accused is immediately notified of the intended discipline and of his right to a disciplinary hearing if such exists.

"*Except in those cases where felony charges will be requested,* the accused has 48 hours, excluding weekends and holidays, from the time of notification in which to waive or exercise his right to a disciplinary hearing. The accused shall notify his commanding officer within 48 hours, as above; otherwise he will be deemed to have waived his right to a disciplinary hearing. . . ."

(Italics ours.) Seattle Police Manual 1.09.040(4)(c)(3); Supplemental Clerk's Papers, at 7. In addition, the collective bargaining agreement in effect in 1982 provides that:

"(a) When any report of violation of Seattle Police Department rules and regulations lodged against a member has been classified as sustained and so reported to the Chief of Police and the Bureau Commander of the accused, and penalty for that infraction may result in suspension, demotion or dismissal, the Bureau Commander of the accused police officer shall immediately notify him of such fact, together with his disciplinary recommendation and his right to a disciplinary hearing, provided such right is exercised within seventy–two (72) hours.

"(b) The accused has seventy–two (72) hours from the time of notification in which to waive or exercise his right to a disciplinary hearing. . . ."

Agreement By and Between City of Seattle and Seattle Police Officers' Guild (1982) app. A; Respondents' exhibit 1.

cluded that in such situations an accused officer has a "reasonable" time—but more than 48 hours—to request a disciplinary hearing.

■ Neither the manual nor the collective bargaining agreement appears to contemplate that a right to a pretermination hearing will exist in every case. In the manual, for example, the first sentence of provision 1.09.040(4)(c)(3)(a) provides that the accused will be notified "of his right to a disciplinary hearing *if such exists*". (Italics ours.) Supplemental Clerk's Papers, at 7. Moreover, the collective bargaining agreement expressly provides the police chief discretion to deny an accused the right to a pretermination hearing "if deemed appropriate by the Chief". Agreement By and Between City of Seattle and Seattle Police Officers' Guild (1982) app. A; Respondents' exhibit 1.[3] The role of a court asked to construe a contract is to give effect to the recorded intent of the parties; a court cannot "create a contract for the parties which they did not make themselves, nor can the court impose obligations which never before existed." *Farmers Ins. Co. v. Miller,* 87 Wn.2d 70, 73, 549 P.2d 9 (1976). In this case the trial court ignored and essentially rewrote both the manual and the collective bargaining agreement when it concluded that the police chief must allow every individual accused of a felony a "reasonable time" to request a pretermination hearing.

■ Moreover, Washington courts give "great weight" to an administrative agency's construction of a regulation promulgated by that agency. *State Liquor Control Bd. v. State Personnel Bd.,* 88 Wn.2d 368, 378–79, 561 P.2d 195 (1977); *Yakima v. Yakima Police & Fire Civil Serv. Comm'n,* 29

---

[3]The collective bargaining agreement provides that:

"The parties agree that discipline is a command function, and that the Department may institute a disciplinary procedure. So much of said procedure that relates to the right of an employee to a hearing and the mechanics thereof are attached as Appendix 'A' and incorporated into this Agreement by this reference; provided, however, that *notwithstanding the hearing procedure enumerated in Appendix 'A,' it is understood that if deemed appropriate by the Chief of the Department discipline or discharge may be implemented immediately.*" (Italics ours.) Agreement, art. 3, § 1.

Wn. App. 756, 765, 631 P.2d 400 (1981). In this case the chief of police continuously has interpreted Seattle Police Manual 1.09.040(4) not to provide an officer subject to felony charges a right to a pretermination disciplinary hearing. The interpretation by the chief also is consistent with the interpretation by the Department and by the original drafters of the provision.

The trial court suggested that the manual provision would be constitutionally invalid if it did not allow for pretermination hearings for officers subject to felony charges. The court stated that "there is no rational basis for distinguishing between police officers against whom felony charges will also be requested, and police officers against whom such charges will not be requested." Conclusion of law 3.6; Clerk's Papers, at 77.

██ The provision does not violate the constitution. The Washington court has stated that both the state and federal constitutions permit the government a wide scope of discretion in enacting laws that affect some groups of citizens differently from others. *In re Binding Declaratory Ruling of Dep't of Motor Vehicles,* 87 Wn.2d 686, 555 P.2d 1361 (1976). A felony is more serious than a misdemeanor. It is reasonable for the Department to conclude that public confidence in police officers and internal morale of officers would be more seriously undermined by keeping on the force an officer accused of a felony than an officer accused of violating a department rule.

## C
### PROCEDURAL DUE PROCESS PRETERMINATION REQUIREMENTS

The trial court ruled that the Department violated due process by discharging Danielson without a pretermination hearing. To support the trial court Danielson argues that the City unconstitutionally failed to follow its own termination procedures as provided in the Seattle Police Manual. Danielson also argues that the City violated minimal due process procedural requirements. The City appeals the trial

court's conclusion and contests both arguments.

The trial court relied on *Punton v. Seattle Pub. Safety Comm'n,* 32 Wn. App. 959, 650 P.2d 1138 (1982) to rule that the Department violated due process requirements. In *Punton,* the Seattle Police Chief had discharged an officer without notice. The Court of Appeals concluded that without the Seattle Police Manual the officer possessed no constitutional right to a pretermination hearing. 32 Wn. App. at 964–65. However, the court concluded that when the Department adopted the manual it adopted more stringent procedural termination requirements and that a failure to follow those requirements constituted a deprivation of due process.[4] 32 Wn. App. at 965.

Here, the City challenges the conclusion of the *Punton* court that the Department's failure to follow its own procedures violates constitutional standards. The City is correct that any error was not of constitutional magnitude. An administrative agency's failure to follow its own procedure violates the constitution only when (1) the agency violates minimal constitutional requirements, or (2) its resulting decision is so arbitrary and capricious that it amounts to a violation of substantive due process.[5] *See Goodisman v. Lytle,* 724 F.2d 818, 820–21 (9th Cir. 1984); *Levitt v. University of Tex.,* 759 F.2d 1224, 1230 (5th Cir.), *cert. denied,* ___ U.S. ___, 88 L. Ed. 2d 578, 106 S. Ct. 599 (1985). *See also United States v. Caceres,* 440 U.S. 741, 59 L. Ed. 2d 733, 99 S. Ct. 1465 (1979). In *Williams v. Seattle,* 607 F. Supp. 714 (W.D. Wash. 1985) the court concluded that the *Punton* court erred when it held that an agency's failure to follow its own rules is a prima facie deprivation of due process. 607 F. Supp. at 719–20.

 Danielson argues that the Department's failure to provide him a pretermination hearing violated minimal due

---

[4]The *Punton* court interpreted Seattle Police Manual provision 1.09.040(4), the same provision that is at issue here.

[5]Neither party argues that the Police Department's failure to provide a pretermination hearing violated substantive due process standards.

process procedural requirements. Danielson relies on the recent United States Supreme Court decision of *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 84 L. Ed. 2d 494, 105 S. Ct. 1487 (1985). In *Loudermill* the Court stated that the "root" requirement of the due process clause is that a deprivation of property be preceded by notice and an opportunity for hearing appropriate to the nature of the case. 470 U.S. at 542. The Court noted that a court must determine what process is "due" in a particular case by balancing the competing interests at stake. *See Mathews v. Eldridge,* 424 U.S. 319, 335, 47 L. Ed. 2d 18, 96 S. Ct. 893, 903 (1976). In public employment cases the competing considerations are (1) the employee's interest in retaining his position of employment and income, (2) the government's interest in expeditious removal of unsatisfactory employees, and (3) the risk of governmental error. *Loudermill,* 470 U.S. at 542–43.

When we balance the competing considerations of this case we believe both that Danielson has a significant interest in retaining his source of employment and that the Department has a significant interest in promptly discharging an officer who abuses his position. The determinative factor in this case, then, is the risk of error inherent in the Department's discharge procedures.

The Department provided Danielson a full post–termination evidentiary hearing within 5 weeks of his discharge. At this hearing Danielson presented witnesses and was represented by an attorney. This type of hearing provides a high degree of protection against error.

Minimal procedural protection against error is required before termination when an agency provides such full protection after termination. When a government agency provides a prompt judicial–type post–termination hearing,

> the pretermination hearing need not definitively resolve the propriety of the discharge. It should be an initial check against mistaken decisions—essentially, a determination of whether there are reasonable grounds to believe

that the charges against the employee are true and support the proposed action.

(Citation omitted.) 470 U.S. at 545–46. In such a situation due process entitles an employee to (1) oral or written notice of the charges against him, (2) an explanation of the employer's evidence, and (3) an opportunity to present his side of the story. 470 U.S. at 546. "To require more than this prior to termination would intrude to an unwarranted extent on the government's interest in quickly removing an unsatisfactory employee." 470 U.S. at 546.

In *Williams v. Seattle, supra,* the court concluded that an IIS investigation by the Seattle Police Department satisfied the pretermination procedural requirements of *Loudermill. See* 607 F. Supp. at 721. A Washington court also has noted that informal conferences are sufficient to satisfy the requirements of *Loudermill. See Payne v. Mount,* 41 Wn. App. 627, 634 n.10, 705 P.2d 297 (1985), and cases cited therein. In this case the IIS investigation of the charges against Danielson satisfied the pretermination procedural due process requirements of *Loudermill.* When the two IIS officers interviewed Danielson on April 15, 1982, they notified Danielson of the nature of the charges against him and explained the evidence supporting those charges. After explaining the charges the officers allowed Danielson to explain his conduct. Danielson thus received (1) notice of the charges against him, (2) an explanation of the evidence, and (3) an opportunity to present his side of the story.

## D
### Appropriate Remedy

The trial court awarded Danielson back pay and benefits for the period between his termination and his sentencing. Danielson appeals the trial court's refusal to reinstate him. The City also appeals and argues that even if the Department erred the award of back pay is inappropriate.

█ Danielson requests reinstatement because he has successfully cleared his record of felony charges. He argues that the City no longer has good cause not to rehire him.

However, the Public Safety Civil Service Commission found that Danielson violated several sections of the police manual. Danielson's violations included retaining the property of another individual, incompetency, insubordination, and conduct unbecoming a police officer. This court will not substitute its judgment for the independent judgment of the Public Safety Civil Service Commission. *See, e.g., Vancouver v. Jarvis,* 76 Wn.2d 110, 455 P.2d 591 (1969); *State ex rel. Perry v. Seattle,* 62 Wn.2d 891, 384 P.2d 874 (1963). The fact that Danielson's record has been cleared of felony charges does not change the conclusion that the Seattle Police Department had good cause to discharge him.

The cases cited by Danielson do not persuade us otherwise. *Ybarra v. Bastian,* 674 F.2d 891 (9th Cir. 1981) is persuasive only when an employee has been dismissed improperly. *Matsen v. Kaiser,* 74 Wn.2d 231, 443 P.2d 843 (1968) would be relevant only if the charges filed against Danielson were the sole reason for his discharge. *In re Krogh,* 93 Wn.2d 504, 610 P.2d 1319 (1980) involved the discretionary decision of the court to reinstate an attorney into bar membership; the decision bears no relevance to the issue of whether this court will force the Police Department to reinstate Danielson.

The City challenges the trial court's award of back pay. The trial court relied on *Punton v. Seattle Pub. Safety Comm'n,* 32 Wn. App. 959, 650 P.2d 1138 (1982) to conclude that nominal damages were insufficient to address the City's violation of Danielson's procedural due process rights. The trial court's award is reversed in light of our conclusion that the City did not violate constitutional requirements. We also note that the United States Supreme Court has ruled that a plaintiff who proves a violation of procedural due process is entitled only to nominal damages unless he proves actual injury. *Carey v. Piphus,* 435 U.S. 247, 55 L. Ed. 2d 252, 98 S. Ct. 1042 (1978).

The Seattle Police Department's discharge of Danielson did not deny him procedural due process. The trial court's

judgment is therefore reversed as is its award of damages.

COLE and SCHUMACHER, JJ. Pro Tem., concur.

Review granted by Supreme Court December 2, 1986.