Alvery WILLIAMS, Appellant,

v.

STATE of Missouri, Respondent.

No. 52396.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 29, 1987.

Motion for Rehearing and/or Transfer
Denied Oct. 28, 1987.

Application to Transfer Denied
Dec. 15, 1987.

William Phineas Russell, St. Louis, for appellant.

William L. Webster, Atty. Gen., Christine M. Szaj, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Williams appeals his dismissal as an employee of the Division of Liquor Control. The dismissal was upheld both after an administrative proceeding before the Department of Public Safety Hearing Board and after a petition for review before the Circuit Court of the City of St. Louis. We affirm.

Williams alleges he was denied his due process rights with respect to his pretermination hearing, because he was not given proper notice of the charges against him. On May 23, 1984, Williams was indicted by a federal grand jury for charges arising from gambling and bribery. He was suspended without pay on May 25, 1984. On June 14, 1984, Williams was told to report to Jefferson City on June 15 at 10 a.m. In his brief, Williams states the notice was received at 1 a.m. on June 15. In its brief, the State claims Williams received oral notice of the hearing and the charges against him at 10 a.m. on June 14. The portions of the transcript cited by Williams and the State do not directly support either claim. That the exact time of notice is unclear does not affect our holding because Williams' due process rights were protected by his pretermination opportunity to respond to the charges coupled with the posttermination procedures provided him.

When he arrived in Jefferson City on June 15, 1984, Williams was given a written list of charges against him. At the pretermination hearing later that day, Williams initially refused to answer the charges because of the pending criminal indictment against him. He was informed that no information obtained in the administrative proceeding would be turned over to those involved in his criminal prosecution, and his failure to answer questions concerning his job would probably result in his dismissal. He was encouraged to call his attorney. After speaking to his attorney, Williams answered the charges.

On June 26, 1984, a letter was mailed to Williams advising him he had been dismissed. The letter informed Williams of the reasons for his dismissal and of his right to appeal. Williams timely appealed and received a hearing in which he was able to cross-examine the State's witnesses and present evidence of his own. When the administrative body finalized his dismissal, he sought judicial review. This appeal is from an order of the circuit court finding there was substantial and competent evidence to support the dismissal.

Both sides agree Williams had a property right in continued employment of which he could not be deprived without due process. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538, 105 S.Ct. 1487, 1491[1], 84 L.Ed.2d 494 (1985). They disagree, however, about the amount of procedural safeguards required by due process.

In *Loudermill*, the Court held a public employee with a property interest in employment cannot be dismissed without oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story. 470 U.S. at 546, 105 S.Ct. at 1495[7]. However, where there are adequate posttermination appeal rights, as were present in this case, minimal procedural protection against error has been required at the pretermination hearing. *See e.g., Danielson v. City of Seattle*, 45 Wash. App. 235, 724 P.2d 1115, 1120[7] (1986). And, courts have found notice to be adequate when information about the charges was initially provided at the pretermination hearing. *See e.g., Gniotek v. City of Philadelphia*, 808 F.2d 241, 244[3] (3rd Cir. 1986). Williams received notice of the charges on June 15, 1984, and responded to them after speaking to his attorney; he appealed his dismissal, at that time there was a hearing and Williams was given the opportunity to cross-examine the State's witnesses and to present his own evidence. The notice and opportunity to be heard were adequate in this case. *See Loudermill*, 470 U.S. at 547, 105 S.Ct. at 1496.

Williams also asserts insufficiency of the evidence. There is little question from the evidence on the whole record the State had reasonable cause to dismiss Williams. No error of law appears and an extended opinion on this point would have no prece-

dential value. Accordingly, this point is denied pursuant to Rule 84.16(b).

Judgment affirmed.

SATZ, P.J., and KELLY, J., concur.