[No. 34348-7-II.   Division Two.   July 3, 2007.]

THE STATE OF WASHINGTON, *Respondent*, v. JOSHUA RAY BARTOLOME, *Appellant*.

*Barbara L. Corey*, for appellant.

*Russell D. Hauge, Prosecuting Attorney*, and *Randall A. Sutton* and *Jeremy A. Morris, Deputies*, for respondent.

¶1 HUNT, J. — Defendant Joshua Bartolome appeals his bench-trial conviction, based on a stipulated record, and his standard-range sentence for indecent liberties by forcible compulsion, RCW 9A.44.100(1)(a). He argues that (1) because the trial court found him guilty based on a stipulated record, we should apply a de novo standard of review; (2) there was insufficient evidence to support his conviction; (3) the trial court erred in considering inadmissible evidence in the presentence report; and (4) the trial court erred in failing to grant him credit for time served while under electric home monitoring. The State moves to dismiss Bartolome's appeal of his nonappealable standard range sentence.

¶2 Holding that the substantial evidence standard of review applies, we affirm Bartolome's conviction. We grant the State's motion to dismiss Bartolome's sentence appeal, but we remand to the trial court to calculate credit for time served.

## FACTS

¶3 The State charged 18-year-old Joshua Bartolome with two counts of indecent liberties by forcible compulsion and with sexual motivation, based on sexual assaults against two minor females, A.M.H. and R.A.E. Throughout the pretrial proceedings, Bartolome resided at his parents' home, "confined" by electric home monitoring.

¶4 Bartolome waived his right to a jury trial with live testimony and agreed to a bench trial on an agreed stipulated record in the form of an evidence binder. The binder contained 19 exhibits, mainly comprising the police and forensic interviews with Bartolome, the victims, and potential witnesses. The parties also presented argument to the trial court.

¶5 The trial court issued written findings of fact and conclusions of law, finding beyond a reasonable doubt that (1) Bartolome committed indecent liberties by forcible compulsion against the first victim, A.M.H., "for the purpose of gratifying Bartolome's sexual desires"; (2) while straddling A.M.H. and rubbing himself back and forth against her, Bartolome rubbed the inside and outside of A.M.H.'s thighs, climbed on top of her, attempted to remove her clothing, and attempted to force A.M.H. to touch his penis; and (3) A.M.H. refused Bartolome's sexual advances, but he overcame her resistance through physical force. The trial court did not find beyond a reasonable doubt that Bartolome committed indecent liberties by forcible compulsion against the second victim, R.A.E.

## ANALYSIS

¶6 The parties dispute the appropriate standard of review for Bartolome's challenge that the evidence is insufficient to support the trial court's verdict. Bartolome argues that in a criminal case with a stipulated record, the appellate court should review the conviction de novo. He reasons that (1) we normally defer to the fact finder because of the latter's ability to review live testimony and to make credibility determinations (2) but when the appellate court has the same record as the trial court, such as a stipulated record, the appellate court is just as competent to weigh and to consider evidence and to assess credibility. In support of de novo review, Bartolome cites *Smith v. Skagit County*, 75 Wn.2d 715, 718-19, 453 P.2d 832 (1969), and *Danielson v. City of Seattle*, 45 Wn. App. 235, 240, 724 P.2d 1115 (1986).

¶7 The parties do not cite and our research has not revealed any Washington case law addressing the standard of review for criminal trials on stipulated records. A recent Washington Supreme Court decision, however, *In re Marriage of Rideout*, 150 Wn.2d 337, 351, 77 P.3d 1174 (2003), holds that "substantial evidence" is the appropriate standard of review for trials on stipulated or documentary

records in family law cases and that appellate courts defer to trial courts, even when they rule on stipulated records in cases that turn on credibility and "where competing documentary evidence ha[s] to be weighed and conflicts resolved."[1]

¶8 Although the trial court here made no explicit findings on credibility, this case, like *Rideout*, turns on credibility. According to A.M.H.'s statements, Bartolome used force to engage in nonconsensual sexual conduct with her. In contrast, Bartolome asserted to the police that he had ceased his activities when A.M.H. told him "no."

¶9 Bartolome, like Sara Rideout, "had a right to request the opportunity to present live testimony," *Rideout*, 150 Wn.2d at 352. He could have gone to trial and cross-examined the live witnesses whose credibility he wished to challenge. But he, like Sara Rideout, did not exercise that right. Instead, he elected to waive this right and submitted his case to trial on an agreed stipulated record. Criminal defendants convicted in live trials do not receive de novo review on appeal. Neither should Bartolome.[2]

---

[1] In *Rideout*, the trial court ruled in a contempt hearing where the parties relied solely on documentary evidence in the form of declarations and affidavits and then argued therefrom. The Supreme Court affirmed our decision not to engage in de novo review. *Rideout*, 150 Wn.2d at 351. We reasoned that (1) a trial court is more able to resolve conflicts and to draw inferences from the evidence, even when that evidence is in written form, and (2) a trial court can take additional testimony if the record is inadequate to resolve the credibility issues and disputes between the declarations. *Id.* at 351-52. Moreover, an appellate court allows additional evidence only in very limited circumstances, and, even then, it generally designates the trial court as the appropriate body to hear the evidence and to make findings of fact. *See* RAP 9.11.

[2] We acknowledge the following language in *Rideout*:

[T]here are cases that stand for the proposition that appellate courts are in as good a position as trial courts to review written submissions and, thus, *may* generally review de novo decisions of trial courts that were based on affidavits and other documentary evidence. . . .

. . . .
. . . The application of the substantial evidence standard in cases such as this is a narrow exception to the general rule that where a trial court considers only documents, such as parties' declarations, in reaching its decision, the appellate court may review such cases de novo because that court is in the same position as trial courts to review written submissions.

¶10 In light of Bartolome's waiver of his right to a trial with live testimony, we apply *Rideout* to this criminal case and leave it for the trial court to weigh this conflicting stipulated evidence and to resolve factual disputes. Therefore, according to *Rideout*, we review Bartolome's stipulated record trial to determine whether substantial evidence supports the trial court's verdict.

¶11 A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

VAN DEREN, A.C.J., and BRIDGEWATER, J., concur.

---

*Rideout*, 150 Wn.2d at 350-51 (emphasis added). But even this language makes such application of de novo review discretionary, not mandatory, with the appellate court. Thus, even if we had such discretion here, we would not exercise it to grant Bartolome de novo review because, as we note above, he expressly waived his right to a trial with live testimony when he agreed to submit his case to trial by the bench based on a stipulated record.